**UNITED STATES of America**

v.

**Frank PICCOLO, Guy Di Girolamo, John Finnell, Victor Riccittelli, Louis Varvella, William Bryan, John Haley, Al Teasley, Sandy Carr, John Doe, also known as George, and Nina Mayfield.**

Crim. No. 11750.

United States District Court
D. Connecticut.

Jan. 5, 1967.

Jon O. Newman, U. S. Atty., Hartford, Conn., for the United States.

Edward G. Burstein, of Burstein & Goldman, Bridgeport, Conn., for witness Pace.

ORDER ADJUDGING WITNESS AUGUSTUS J. PACE IN CRIMINAL CONTEMPT OF COURT AND JUDGMENT COMMITTING SAID WITNESS FOR SUCH CONTEMPT*

TIMBERS, Chief Judge.

The retrial of the above-entitled case, as against defendant Frank Piccolo, having commenced before the undersigned Judge of this Court at New Haven on January 4, 1967, at which time a jury was duly empanelled; and

The witness Augustus J. Pace, having appeared at the trial as the first government witness on January 5, 1967 pursuant to a subpoena duly served upon him by a Deputy United States Marshal on December 16, 1966; and

The witness Pace, after stating his name, address and the fact he was represented as a witness by counsel of his own choosing, Edward G. Burstein, Esq., having refused to answer any further questions put to him by United States Attorney Jon O. Newman on the ground that his answers might incriminate him; and

The witness Pace having been asked the following specific question which he refused to answer and the United States Attorney having requested the following direction from the undersigned (Transcript, pp. 209–210):

"BY MR. NEWMAN:

Q Mr. Pace, did you appear before the Grand Jury voluntarily or under subpoena?

(Witness conferred with Mr. Burstein.)

THE WITNESS: I refuse to answer on the grounds that it might incriminate me.

---

* Court of Appeals on January 18, 1967 remanded case to District Court for civil contempt proceedings. United States v. Pace, 371 F.2d 810 (2 Cir. 1967).

MR. NEWMAN: Your Honor, I ask that the witness be directed to answer that last question. I can't see any conceivable basis how the manner of his appearance before the Grand Jury could incriminate this witness."

and

The undersigned having directed the witness Pace to answer the said question, and, at the request of the witness' counsel, having advised the witness that if he persisted in refusing to answer the question he would be running the risk of being held in civil or criminal contempt of Court, and having specifically advised the witness that if he were held in criminal contempt of Court the undersigned might impose upon him a sentence of either imprisonment or a fine; and

The undersigned having repeatedly directed the witness to answer the said question and the witness having refused to obey each and every direction of the undersigned to do so; and

The undersigned having both seen and heard the aforesaid conduct of the witness which was committed in the actual presence of the Court and being of the opinion that such conduct, in wilful disobedience of lawful orders and directions of the Court, constitutes criminal contempt of Court which should be punished summarily by the imposition of an unconditional sentence of imprisonment for the reasons that (i) there is not the slightest basis of any possibility of self-incrimination resulting from an answer to the question the witness was directed to answer (Transcript, p. 216), and (ii) the witness' adamant refusal to answer has effectively blocked any inquiry as to whether his testimony in this case might tend to incriminate him (Transcript, pp. 220–221); it is therefore

ORDERED AND ADJUDGED as follows:

(1) That, pursuant to 18 U.S.C. § 401 and Rule 42(a), Fed.R.Crim.P., Augustus J. Pace is guilty of criminal contempt of Court.

(2) That said Augustus J. Pace is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of ninety (90) days.

(3) That the Clerk shall deliver a certified copy of this order and judgment of commitment to the United States Marshal or other qualified officer and such copy shall serve as the commitmitment of said Augustus J. Pace.

(4) That execution of the sentence of imprisonment imposed in paragraph (2) above is stayed until Monday, January 9, 1967, at 4 P.M., to permit the said Augustus J. Pace, if he is so advised, to appeal this order and judgment to the United States Court of Appeals for the Second Circuit and to apply to that Court for a further stay pending appeal.